UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY GUTIERREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>  Defendant. | Case No. 1:21-cv-01832-JLT-BAK (HBK)<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD<br><br>(Doc. No. 9)<br><br>CLERK TO UPDATE DOCKET |

    Plaintiff Tammy Gutierrez, through her counsel of record Norman Gregory Fernandez, initiated this action on April 27, 2021 by filing a complaint in Kern County Superior Court. (*See* Doc. No. 1). The Defendant removed the action to this court on December 29, 2021. (*Id.*) Before the court is Attorney Fernandez's motion to withdraw as plaintiff's counsel of record. (Doc. No. 9). Defendant filed a statement of non-opposition to the motion on February 2, 2022. (Doc. No. 17). Ms. Gutierrez also filed a notice of non-opposition on February 18, 2022. (Doc. No. 18).

    Attorney Fernandez moves to withdraw from representing plaintiff based on Ms. Gutierrez terminating his services, a break-down in the attorney-client relationship, a failure to communicate between Ms. Gutierrez and Attorney Fernandez, and Ms. Gutierrez informing Attorney Fernandez that she will be moving forward to represent herself. (Doc. No. 9 at 2-3). On

1

1   January 20, 2022, Ms. Gutierrez called Attorney Fernandez's office, which was answered by a
2   live answering service agent, "to fire Norman Fernandez," stating that Attorney Fernandez is no
3   longer allowed to contact her in any way, otherwise she will file a harassment suit against him,
4   and "[Fernandez] is terminated as Tammy Gutierrez's representation."  (Doc. 9 at 2; Exhibit 2).
5   Ms. Gutierrez also called the next day and spoke to legal assistant John Gonzalez, stating that she
6   no longer wants Attorney Fernandez to represent her, among other things.  (*Id*. at 3.)  Later on the
7   same date, Ms. Gutierrez sent Attorney Fernandez an e-mail and called his cell phone and left a
8   voicemail advising Attorney Fernandez that he was terminated.  (*Id*.)  Prior to these calls from
9   Ms. Gutierrez, Attorney Fernandez reports that "there is and has been an irreconcilable
10  breakdown of the attorney-client relationship" between Ms. Gutierrez and Attorney Fernandez
11  and a failure to communicate between them.  (*Id*.)  Ms. Gutierrez also informed defense counsel
12  on January 4, 2022 by telephone that she will be moving forward to represent herself.  (*Id*.;
13  Exhibit 1).  A copy of the motion to withdraw was sent to plaintiff's last-known address.  (*Id*. at
14  5, 11).

15      Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the
16  client *in propria persona* without leave of court."  Any motion seeking to withdraw must describe
17  counsel's efforts to notify their client of their withdrawal and identify for the court their client's
18  last known address.  (*Id.*).  Withdrawal is further governed by the Rules of Professional Conduct
19  of the State Bar of California.  (*Id.*)  Those rules permit an attorney's withdrawal where it is
20  "unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. Rule of
21  Professional Conduct 1.16(b)(4).

22      Whether to grant or deny a motion to withdraw as counsel is within the court's discretion.
23  *Campbell v. Obayashi Corp.*, 424 F. App'x 657, 658 (9th Cir. 2011); *LaGrand v. Stewart*, 133
24  F.3d 1253, 1269 (9th Cir. 1998).  Determining whether to grant a withdrawal of counsel "involves
25  a balancing of the equities," and the court should consider whether there is good cause for
26  withdrawal, and how withdrawal will impact other litigants and the ultimate resolution of the
27  case.  *McClain v. Am. Credit Resol., Inc.*, 2020 WL 8619963, at *2 (E.D. Cal. Apr. 6, 2020).
28

Granting a withdrawal may be "subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

The court finds good cause to grant Attorney Fernandez's motion to withdraw. There has been a break-down in the attorney-client relationship and a failure to communicate between Ms. Gutierrez and Attorney Fernandez, and Ms. Gutierrez has communicated that she wants to terminate Attorney Fernandez's services. An attorney cannot effectively represent a client with whom they cannot communicate and does not want their representation and permitting this situation to continue will only further delay the resolution of this case.

Accordingly, it is ORDERED:

1. Attorney Fernandez's motion to withdraw as attorney of record (Doc. No. 9) is GRANTED and Attorney Norman Gregory Fernandez is relieved as counsel of record for Tammy Gutierrez in this action;

2. The Clerk of Court shall remove Attorney Norman Gregory Fernandez as counsel for plaintiff from the docket;

3. The March 29, 2022 Initial Scheduling Conference is continued to June 9, 2022;

4. Plaintiff, within thirty (30) days of this order, shall have new counsel enter an appearance on her behalf or alternatively advise the court whether she wishes to proceed in this matter *pro se*.

5. The Clerk of Court is directed to update the docket to reflect plaintiff's contact information and last known address (*see* Doc. No. 9 at 5):
   Tammy Gutierrez
   3812 Goldbar Drive
   Bakersfield, CA 93312

6. The Clerk of Court shall mail a copy of this order to plaintiff at the above address.

Dated:   March 9, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3