UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY GUTIERREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION,<br><br>　　　　Defendant. | Case No. 1:21-cv-01832-ADA-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR COUNSEL FOR PLAINTIFF'S FAILURE TO COMPLY<br><br><u>TWO-DAY DEADLINE</u> |

　　　　On August 30, 2023, the Court issued an order setting a settlement conference for October 12, 2023. (Doc. 42). That order expressly stated: "Unless otherwise permitted in advance by the Court, the following individuals must attend the settlement conference: (1) all of the attorney(s) who will try the case…" *Id*. at 2. Further, the Court ordered the parties to lodge confidential settlement conference statements with the Court via email, no later than October 5, 2023, and to not serve or file the statements on the docket. *Id*.

　　　　Having not timely received settlement statements from either party, on October 6, 2023, the Court ordered the parties to lodge their confidential statements by 9:00 a.m. on October 10, 2023. (Doc. 44).

　　　　On October 10, 2023, attorney Igor Fradkin, counsel for Plaintiff Tammy Gutierrez ("Plaintiff"), filed his client's confidential settlement conference statement, despite being directed by the Court to lodge the confidential statement via email and forbear from filing it. (Doc. 45).

On October 12, 2023, the parties convened via Zoom videoconference for the scheduled settlement conference. Plaintiff appeared with non-noticed attorney Daniel Moosai. Mr. Moosai confirmed that he represented Plaintiff and that trial counsel (Mr. Fradkin) was not present due to an unidentified "emergency." Mr. Moosai also confirmed that he would not be involved in the trial of the case. Although the Court was reluctant to proceed without trial counsel, given Mr. Moosai's assurance that he was familiar with the case, was in text communications with Mr. Fradkin and his additional representation that Mr. Fradkin would be joining the conference "within the hour," the Court proceeded. When the settlement conference closed more than two and a half hours after commencing, Mr. Fradkin still had not joined.

Mr. Fradkin's conduct summarized above leads the Court to doubt he is undertaking his representation in this matter with sufficient diligence and attentiveness to the Court's orders. For these reasons, the Court believes the imposition of sanctions may be warranted to gain counsel for Plaintiff's timely compliance with its orders.

Accordingly, IT IS HEREBY ORDERED that within two days of entry of this order, Mr. Fradkin shall show cause in writing why sanctions, including monetary sanctions or dismissal of the action, should not be imposed for counsel's failure to comply with the Court's August 30, 2023, order.

Failure to comply with this order will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **October 12, 2023**                                    _____
                                                                   UNITED STATES MAGISTRATE JUDGE