UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY GUTIERREZ,<br><br>   Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>   Defendant. | Case No. 1:21-cv-01832-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Docs. 52, 53) |

On April 27, 2021, Plaintiff Tammy Gutierrez ("Plaintiff") initiated this action in the Superior Court of the State of California, County of Kern. (Doc. 1). Defendant removed the action to this Court on December 29, 2021. *Id*.

Following Plaintiff's filing of a Notice of Settlement on October 16, 2023 (Doc. 49), the Court vacated all case management dates and directed the parties to file dispositional documents within 30 days (*e.g.*, no later than November 16, 2023), or, on or before that date, show cause to extend the time for filing dispositional documents. (Doc. 51).

Because the parties did not timely file either dispositional documents or a request for extension, on November 17, 2023, the Court ordered the parties to show cause by 10:00AM the next court day (November 20, 2023) why sanctions, including financial sanctions and/or dismissal, should not be imposed for the parties' failure to comply with Court orders and Local Rules and for their failure to prosecute this action. (Doc. 52).

On November 20, 2023, counsel for Defendant filed a declaration in which counsel attests to having received from Plaintiff's counsel a release agreement that was not notarized as required by Defendant. (Doc. 53). Defendant's counsel attests to "working diligently with Plaintiff's counsel to finalize the settlement, but [has] been unable to do so to date." *Id.* More than three hours since the Court's 10:00AM deadline expired, Plaintiff has yet to show cause or make any filing responsive to the Court's order. This is not the first time Plaintiff has failed to abide by the Court's orders.[1]

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the "just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds

---

[1] Specifically, in connection with the recent Court-supervised settlement conference, the Court directed the parties to submit confidential settlement conference statements to the Court's chambers via e-mail and were explicitly directed not to file the statements on the docket. (Doc. 42). Nevertheless, counsel for Plaintiff filed his confidential statement on the record. (Docs. 45, 47). Moreover, the Court's order expressly directed all attorney(s) who will try the case to appear at the settlement conference, but counsel for Plaintiff (who will try the case) did not attend. (Docs. 47, 48).

for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

Under these circumstances, the Court finds that Plaintiff's neglect in prosecuting this action warrants a monetary sanction to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100.00 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until the parties either file the dispositional documents or Plaintiff files a declaration that is responsive to and complies with this Court's orders of October 17 and November 17, 2023.  (Docs. 51, 52). Plaintiff's filing of the report on the date of this Order will not relieve Plaintiff of the sanction imposed commencing on this date.  Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

Based on the foregoing, IT IS HEREBY ORDERED, Plaintiff shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until he complies with this Order.

IT IS SO ORDERED.

Dated:   **November 20, 2023**            _____
                                          UNITED STATES MAGISTRATE JUDGE

3