UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY GUTIERREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | Case No. 1:21-cv-01832-JLT-CDB<br><br>ORDER REQUIRING THE PARTIES TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 63) |

       On April 27, 2021, Plaintiff Tammy Gutierrez ("Plaintiff") initiated this action in the Superior Court of the State of California, County of Kern. (Doc. 1). Defendant removed the action to this Court on December 29, 2021. *Id*.

       Following Plaintiff's filing of a Notice of Settlement on October 16, 2023 (Doc. 49), the Court vacated all case management dates and directed the parties to file dispositional documents within 30 days (*e.g.*, no later than November 16, 2023), or, on or before that date, show cause to extend the time for filing dispositional documents. (Doc. 51). Neither party made any timely filing responsive to the Court's order.

       Accordingly, on November 17, 2023, the Court ordered the parties to show cause in writing why sanctions should not be imposed for their failure to comply with the Court's orders. (Doc. 52). Because Plaintiff failed to timely respond, the Court entered an order requiring Plaintiff to pay sanctions, prompting Plaintiff the following day (November 21, 2023) to respond through

declaration of counsel. (Docs. 54, 55). In light of Plaintiff's response to the order imposing sanctions, the Court perceived Plaintiff recognized the importance of timely complying with the Court's orders and discharged the sanctions order on November 22, 2023. (Doc. 56).

On November 30, 2023, the Court entered a minute order noting the parties' continuing delinquency to comply with the Court's order to file dispositional documents or proffer good cause for further delay and ordered the parties to appear for a show cause hearing on December 4, 2023. (Doc. 58). On December 1, 2023, Defendant filed a response to the Court's November 30, 2023, order, and in light of counsel for Defendant's representations therein, the Court found good cause to extend the date to file dispositional documents to January 29, 2024, and vacated the show cause hearing. (Docs. 60, 61).

On January 29, 2024, based on counsel for Plaintiff's demonstration of good cause for a further extension, the Court issued an order extending the date for the parties to file dispositional documents to February 19, 2024.[1] (Docs. 62, 63). The Court noted: "Failure to timely file dispositional documents will result in the imposition of sanctions." *Id*.

As of the date of this order, the parties have failed to timely file dispositional documents or make any other filing demonstrating good cause for their delinquency or otherwise.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the "just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).

The Court also possesses inherent authority to impose sanctions to manage its affairs to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a

---

[1] Because February 19, 2024, was a Court holiday, the deadline for filing dispositional documents was February 20, 2024. *See* Fed. R. Civ. P. 6(a)(1) & (6)(A).

party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

In light of the above record and under these circumstances, the Court finds that monetary sanction to compel the parties to comply with this Court's orders is necessary, particularly given that this is the fifth time one or both parties have failed to comply with the Court's orders or timely seek relief from Court-imposed deadlines. (*See* Docs. 37, 44, 47, 52, 63). Therefore, to gain the parties' compliance, a $100.00 sanction shall be imposed on the parties commencing on the date of this order and shall continue to be imposed each day thereafter until the parties either file dispositional documents or a declaration that is responsive to and complies with this Court's orders regarding demonstration of good cause for any further delay. The parties' filing of a response to this order will not relieve them of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

///

///

///

1  Based on the foregoing, IT IS HEREBY ORDERED, that Plaintiff Tammy Gutierrez and Defendant Target Corporation shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until they comply with this Order.

IT IS SO ORDERED.

Dated: __February 22, 2024__  

UNITED STATES MAGISTRATE JUDGE